IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| APRIL JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:14CV671-SRW |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff appeals the Commissioner's final decision denying plaintiff's applications for benefits under Titles II and XVI of the Social Security Act. The parties have consented to proceeding before the undersigned Magistrate Judge. (Doc. ## 9, 10). Upon consideration of the administrative record and the arguments of the parties, the court concludes that the Commissioner's decision is due to be reversed.

**Single Decision-maker**

Plaintiff asserts that the ALJ erred[1] by giving "great weight" to the opinion expressed by S.P. Cooper, a single decision-maker ("SDM"), as to plaintiff's residual functional capacity; she contends that this error is not harmless[2] and requires that the Commissioner's

---

[1] The Appeals Council denied review (R. 1-7) and, thus, the ALJ's decision is the final decision of the Commissioner.

[2] The "harmless error" doctrine applies to review of the Commissioner's decisions. See Diorio v. Heckler, 721 F.2d 726 (11th Cir. 1983)(finding ALJ's misstatement of facts relating to vocational factors to be harmless, where those factors were irrelevant because the ALJ had found no severe impairment).

decision be reversed. (Doc. # 15). The Commissioner agrees that "the ALJ erroneously referred to SDM Cooper as a state agency medical consultant and gave SDM Cooper's 'opinion' great weight. (Tr. 27)." (Doc. # 16, 7). However, she contend that, "[t]o the extent this was error, it was harmless." (Id.).[3]

In reaching his RFC finding, the ALJ summarized plaintiff's testimony, her records of treatment, and the reports of consultative examiners (R. 25-27). He assigned weight to the medical opinion evidence as follows:

> Pursuant to 20 CFR § 404.1527 and Social Security Rulings 06-03p, 96-6p, and 96-2p, the undersigned has considered the medical opinions, which are statements from acceptable medical sources which reflect judgments about the nature and severity of the impairment and resulting limitations, of the claimant's treating physicians, evaluating physicians, and the state agency medical consultants. *Regarding medical opinion of the state agency medical consultant, the undersigned has accorded the opinion great weight (Exhibit 5A); however, found the claimant's ability to climb ramps and stairs not as limited as the state agency consultant determined based on examinations that show that the claimant had a normal gait and full lower extremity strength.* Regarding the psychiatric review technique (Exhibit 9F), the undersigned finds that the claimant has no more than mild limitations in social functioning as opposed to moderate. *There are no opinions from any treating physicians.*

(R. 27)(emphases added).[4] The ALJ then assigned "some weight" to the opinion of the

---

[3] See SSR 06-03p, 2006 WL 2329939 at *2 ("only 'acceptable medical sources' can give us medical opinions")(citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)); POMS DI 24510.050 (physical RFC forms completed by the single decision-maker ("SDM") "are not opinion evidence at the appeal levels").

[4] The Commissioner argues that, "[n]otably, Plaintiff's treating physician, E. Shane Cunningham, indicated she could not engage in 'heavy' lifting but could lift and carry over 23 pounds 'on a regular basis' with proper lifting technique (Tr. 492)." (Doc. # 16, p. 6). Dr. Cunningham noted:

consultative clinical psychologist, Dr. Moyer. (R. 27-28).

> Plaintiff argues:
>
> The present record does not contain a medical source opinion from a treating physician. The ALJ acknowledged this in the decision. Additionally, the examining physician Dr. May did not render a medical opinion and the ALJ does not articulate what if any weight he gave Dr. May's report in reaching his decision. Based on this record, we cannot discern whether the ALJ's error in giving "great weight" to S.P. Cooper's opinion was harmless, given the absence of any other medical opinion upon which the ALJ could have relied.

(Doc. # 15, pp. 11-12) (footnotes omitted).[5]

---

> The patient does have a little bit of muscle spasm of her lower back today with some mild decreased ROM and some pain on ROM. We will give her a short course of the Flagyl and the Lortab again for the discomfort. The patient is advised to avoid heavy lifting[.] The patient does have a young child and does have to lift the young child that weighs 23 pounds plus all the equipment to help carry the child on a regular basis. I did tell her to try to use proper lifting technique[.]

(R. 492). There is no indication in the treatment note that Dr. Cunningham ascribed the Commissioner's definition of "heavy" work to the word as used in his advice to his patient. Additionally, the ALJ was aware of the cited treatment note, but – with good reason – did not interpret it to mean what counsel now contends that it does. (See R. 27) (ALJ's statement, in summarizing Dr. Cunningham's treatment note, that "[o]n examination, she was noted to have a little bit of muscle spasm of her lower back with mild decreased range of motion. ... Her discomfort was attributed to her lifting her child who weighs about 23 pounds as well as all the equipment to help carry the child on a regular basis.).

[5] The Commissioner argues that both Dr. Cunningham and Dr. May rendered "medical opinions," as the term is defined in the Commissioner's regulations. (Doc. # 16, p. 8). While this is true, it is clear to the court that plaintiff's argument is that they provided no medical source statements about plaintiff's physical capacities. The Commissioner is also correct that an ALJ's RFC finding may be supported by substantial evidence even in the absence of such a medical source opinion. (Id.; see Castle v. Colvin, 557 F. App'x. 849, 853 (11th Cir. 2014)). However, the absence of such an opinion from an acceptable medical source is relevant, certainly, to the determination of whether the ALJ's error in giving "great weight" to what he mistakenly believed to be a physical RFC assessment rendered by an acceptable medical source is harmless. See Cooper v. Commissioner of Soc. Sec., 521 F. App'x. 803, 806-07 (11th Cir. 2013) (in a case in which the evidence included *RFC opinions* from both plaintiff's treating physician and a non-examining agency physician, and in which the ALJ found the claimant to be more limited than reflected in the SDM's assessment,

3

The Commissioner responds that "[t]he task for this Court is ... to determine whether there was adequate evidence supporting the ALJ's conclusion that Plaintiff could perform a reduce[d] range of light work, even in the absence of SDM Cooper's findings. The Commissioner respectfully submits there was more than adequate evidence in the form of Dr. Cunningham's treatment notes, Dr. May's examination findings, and objective imaging." (Doc. # 16, p. 9). In other words, the Commissioner invites the court to re-weigh the evidence that was before the ALJ (excluding the SDM's opinion, which is not entitled to any evidentiary weight) and find that the claimant is not disabled.  The "harmless error" doctrine neither requires nor allows this court to do as the Commissioner asks.

While an ALJ's consideration of an SDM opinion may very well be harmless in some cases – for example, where the SDM opinion is substantially similar to an opinion of record from an acceptable medical source,[6] or the ALJ's opinion makes clear that he did not give the SDM opinion much weight[7] – this is not such a case. As noted previously, the ALJ observed that "[t]here are no opinions from any treating physicians." (R. 27). Like the plaintiff (see Doc. # 16, pp. 11-12), the court understands the ALJ to mean – as is in fact the

---

holding that the ALJ's error in referring to the SDM as a doctor and giving weight to her opinion was "harmless because the ALJ stated that he considered *all* of the evidence in the record, which also included opinions by Cooper's treating physician and the non-examining physician, both of whom were medical doctors *and there is nothing to indicate that the opinion of the SDM was anything more than cumulative of other evidence, let alone dispositive*.") (emphasis added).

[6] See Cooper, 521 F. App'x. at 806-07; n. 5, *supra*.

[7] See *e.g.*, Carter v. Astrue, 2012 WL 2135471, *4 (M.D. Ala. Jun. 13, 2012).

4

case – that no treating physician completed a medical source statement regarding plaintiff's physical capacities.[8]  As plaintiff contends, neither did Dr. May, the consultative examiner. (See R. 440-43).  The ALJ's decision makes clear that he believed the SDM's opinion to be that of a "state agency medical consultant," and he expressly "accorded the opinion great weight."  (R. 27).  Taking the ALJ at his word, the court cannot conclude that the SDM's opinion did not affect the ALJ's RFC formulation.  And if it affected his RFC formulation in any respect, it necessarily affected his step five conclusion, which rested on vocational expert testimony regarding other jobs plaintiff can perform with the specified RFC.  (See R. 29).

This case presents the converse of the situation before the Eleventh Circuit in Nyberg v. Commissioner of Social Security, 179 F. App'x. 589 (11th Cir. 2006).  In that case, the ALJ failed to consider evidence he is required to consider – the opinion of the claimant's treating physician. The Commissioner argued that any such error was harmless because, "even if the ALJ had considered [the treating doctor's] opinion, the outcome of the case could not reasonably have changed." Id. at 592.  The Eleventh Circuit reasoned:

> The instant case ... is not one where the unmentioned physician's opinion merely supported the ALJ's conclusion, and was thus unnecessary. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 547 (6th Cir. 2004).  On the contrary, the potential impact of Dr. Trowbridge's opinion is strongly and reasonably disputed by the parties. Thus, *we cannot say that the failure to address Dr. Trowbridge's opinion was harmless without re-weighing the evidence and engaging in conjecture that invades the province of the ALJ.*  See Moore [v. Barnhart, 405 F.3d 1208, 1214 (11th Cir. 2005)](stating that, where ALJ failed

---

[8] See n. 5, *supra*.

>to consider certain factors and indicate their impact on his ultimate conclusion as to claimant's residual functional capacity, we "[could not] even evaluate the Commissioner's contention that the ALJ's error was harmless"); Wiggins [v. Schweiker, 679 F.2d 1387, 1390 (11th Cir. 1982)](remanding where we were "unable to determine whether the ALJ applied the proper legal standard and gave the treating physician's evidence substantial or considerable weight or found good cause not to do so")[.]

(Id.)(footnotes omitted; emphasis added).

While "an estimation of the likelihood that the result would have been different" is relevant to the harmless error analysis, so is "an awareness of what body (jury, lower court, administrative agency) has the authority to reach that result[.]" Shinseki v. Sanders, 556 U.S. 396, 411 (2009).[9] This court cannot find that the ALJ's error in giving "great weight" to the SDM's opinion was harmless "without re-weighing the evidence and engaging in conjecture that invades the province of the ALJ." Nyberg, 179 F. App'x. at 592. Whether the court would reach the same ultimate conclusion after re-weighing the evidence is beside the point.[10] Thus, the court concludes – on the particular record under consideration – that the ALJ committed reversible error by giving "great weight" to the opinion of the SDM.

---

[9] In Allen v. Barnhart, 357 F.3d 1140 (10th Cir. 2004), the Tenth Circuit rejected the Commissioner's argument that an ALJ's failure to make a required finding of fact – that one hundred of a particular job was "a substantial number" – was harmless error because "the missing fact was clearly established in the record." Id. at 1145. While the particular error before this court differs from that in Allen, the Tenth Circuit's reluctance to expand the harmless error doctrine was informed by general concerns also relevant here – i.e., that courts should not "obscure the important institutional boundary" by usurping the administrative tribunal's fact-finding responsibility, or engage in "*post hoc* justification of administrative action[.]" Id.

[10] The court expresses no opinion regarding the conclusion the Commissioner should reach upon reevaluation of the medical evidence.

## Dr. Estock's Opinion

Plaintiff contends that the ALJ erred by failing to consider the mental RFC opinion of Dr. Estock, the state agency non-examining psychiatrist, who concluded that the plaintiff was more limited than assessed by the ALJ. (Doc. # 15, pp. 13-15). Social Security Ruling 96-6p provides that "[f]indings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of non-examining sources at the administrative law judge and Appeals Council levels of administrative review." SSR 96-6p, 1996 WL 374180, * 1 (July 2, 1996). It further provides that, while ALJs are not bound by the findings of state agency physicians, "they may not ignore these opinions and must explain the weight given to the opinions in their decisions" and that "RFC assessments by State agency medical or psychological consultants or other program physicians or psychologists are to be considered and addressed in the decision as medical opinions from nonexamining sources about what the individual can still do despite his or her impairment(s)." (Id. at **1, 4). Additionally, if an ALJ's RFC assessment "conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, *7 (July 2, 1996).

The ALJ referred to Dr. Estock's opinion only once, as follows:

> Regarding the psychiatric review technique (Exhibit 9F), the undersigned finds that the claimant has no more than mild limitations in social functioning as opposed to moderate.

(R. 27). As plaintiff argues, the ALJ did not acknowledge or evaluate the mental RFC opinion given by Dr. Estock in Exhibit 10F, an exhibit separate from the PRTF. While the ALJ found plaintiff to be "limited to the performance of simple, routine, repetitive tasks[,]" he included no other mental limitations in his RFC finding. (R. 24). In addition to a limitation to simple instructions and tasks, Dr. Estock concluded that plaintiff "would likely miss 1-2 days/month due to psych symptoms," that "[s]upervision should be tactful and constructive and non-threatening," and that "[c]hanges in the workplace should be infrequent and gradually introduced." (R. 460). The Commissioner offers *post hoc* explanations of how the evidence supports rejecting Dr. Estock's expert opinion regarding plaintiff's mental RFC limitations, and contends that "the ALJ's alleged error in failing to explicitly discount Dr. Estock's opinion is harmless and not a basis for remand." (Doc. # 16, pp. 9-12). However, the court cannot discern from the ALJ's written decision his reasons for rejecting the additional mental limitations assessed by Dr. Estock.[11] For this additional reason, the Commissioner's decision is due to be reversed, and this action remanded to the Commissioner for further proceedings.

## CONCLUSION

---

[11] While the ALJ did not include it in his RFC finding, his hypothetical question to the vocational expert included a limitation that "changes in the work place should be infrequent and gradually introduced[,]" one of the limitations expressed by Dr. Estock. (See R. 24, 75, 460). However, the ALJ's hypothetical question did not take into account Dr. Estock's opinion that plaintiff "would likely miss 1-2 days/month due to psych symptoms," and that "[s]upervision should be tactful and constructive and non-threatening." (See id.). Thus, the ALJ's hypothetical question to the VE does not support a conclusion of harmless error.

For the foregoing reasons, the Commissioner's decision is due to be reversed.  A separate judgment will be entered.

Done, this 29th day of January, 2016.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE